[Cite as *State v. Blevens*, 2019-Ohio-2245.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                            :

    Plaintiff-Appellee               :       Appellate Case No. 28169

                                     :

v.                                       :       Trial Court Case No. 2018-CR-1987

                                     :

JAMIE L. BLEVENS                         :       (Criminal Appeal from

                                     :        Common Pleas Court)

    Defendant-Appellant              :

                                     :

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of June, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

MICHAEL MILLS, Atty. Reg. No. 0092133, 371 West First Street, 2nd Floor, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Jamie Blevens appeals from her conviction following a guilty plea to one count of aggravated possession of drugs (fentanyl), a fifth-degree felony.

{¶ 2} Blevens's appointed appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of non-frivolous issues for review. We notified Blevens of the *Anders* filing and gave her an opportunity to submit a pro se brief, but she did not do so.

{¶ 3} The record reflects that Blevens was charged with possession of fentanyl and misdemeanor possession of drug abuse instruments. The charges stemmed from the May 17, 2018 dispatch of police officers to a Dayton fast-food restaurant on a distraught female crying and yelling that she wanted her mother. Officers located Blevens and observed a hypodermic needle sticking out of her bra. She was taken into custody and stated the syringe contained heroin. She said she had tried to shoot up but 'rolled' her vein. A search of her purse incidental to the arrest revealed she also possessed .06 grams of fentanyl.

{¶ 4} On June 27, 2018, Blevens was indicted on the above charges. After she failed to appear, a warrant was issued for her arrest. She was released on bond and again failed to appear. A capias was issued, and she was re-arrested on August 18, 2018. On September 11, 2018, she appeared in court with counsel and entered a guilty plea to the fentanyl charge; the misdemeanor was dismissed. The court ordered the preparation of a presentence investigation (PSI) report, and sentencing was scheduled for September 26, 2018. At sentencing the trial court indicated it reviewed the presentence investigation, including several assessments, and sentenced Blevens to 9 months incarceration in the

Montgomery County Jail with credit for the time she had been in custody.[1] The trial court journalized its sentence in a September 27, 2018 judgment entry. This appeal followed.

{¶ 5} In her *Anders* brief, Blevens's appointed appellate counsel, without specific argument, requested that this court review three "potential assignments of error:" 1) whether Blevens's counsel was ineffective, 2) whether the trial court erred in sentencing Blevens to 9 months local incarceration and 3) whether the trial court failed to comply with Crim.R. 11 when accepting Blevens's plea.

{¶ 6} Upon review, we concur in counsel's assessment that the foregoing issues are frivolous. In inverse order, the transcript of Blevens's plea hearing reflects complete compliance with Crim.R. 11, and we see no arguable issue with respect to the knowing, intelligent, and voluntary nature of her guilty plea. We also see no arguable basis for challenging Blevens's sentence.[2] The PSI reveals Blevens has several drug-related felony convictions and multiple misdemeanor convictions. For her last felony of transporting drugs into a detention facility she was sentenced to prison for 18 months. She has failed or absconded from several programs. The trial court noted that it had considered the statutory principles and purposes of sentencing as well as the seriousness and recidivism factors of the Revised Code. There is simply nothing in the record to indicate that the trial court erred in any way in either taking and accepting the plea or in the sentencing. These potential assignments of error are frivolous.

---

[1] With certain exceptions, R.C. 2929.34 requires a fifth-degree felony incarceration sentence of twelve months or less in a "target county," including Montgomery, to be served in a local facility including the county jail.

[2] According to our calculations Blevens has now served her sentence. An online search of the jail population indicates her sentence was complete and she was released May 11, 2019. Any assigned errors about her sentence would be moot.

**{¶ 7}** As for the question of whether Blevens's trial counsel provided ineffective assistance, we again find no indication whatsoever to support such a claim. The facts of Blevens's arrest and search of her purse were plain, simple and without constitutional issue. We see no arguable basis for an ineffective assistance claim with regard to the plea agreement or otherwise. Defense counsel argued for the court to place Blevens in a dual-diagnosis program but to no avail. On the record before us, any argument that trial counsel provided prejudicially deficient representation is frivolous.

**{¶ 8}** In addition, in accordance with *Anders*, we independently have carefully examined the record for potential assignments of error and have found no non-frivolous issues for our review.

**{¶ 9}** The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Andrew T. French
Michael Mills
Hon. Mary Katherine Huffman